THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASTE ACTION PROJECT,

    Plaintiff,

v.

HONEYWELL INTERNATIONAL, INC., d/b/a HONEYWELL AEROSPACE ELECTRONIC SYSTEMS,

    Defendant.

NO. 2:12-cv-00233 RAJ

CONSENT DECREE

## I. STIPULATIONS

Plaintiff Waste Action Project sent a sixty day notice of intent to sue letter to Defendant Honeywell International Inc. ("Honeywell") on November 28, 2011, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Honeywell's facility in Redmond, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys' fees and costs.

CONSENT DECREE - 1
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001

Honeywell denies any fault, wrongdoing, or liability regarding all claims and alleged violations.

Waste Action Project and Honeywell agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

Waste Action Project and Honeywell stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waste Action Project's claims or allegations set forth in its Complaint and its sixty-day notice.

DATED THIS October 16, 2013          DATED THIS October 18, 2013

HONEYWELL INTERNATIONAL INC.          WASTE ACTION PROJECT

By _____          By _____
Mark Larson                          Greg Wingard
Vice President & Chief Litigation    Executive Director
Counsel

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

CONSENT DECREE - 2
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001

4. This Consent Decree applies to the operation, oversight, or both by Defendant Honeywell of its facility located at 15001 NE 36th Street, Redmond, Washington 98052 (the "Facility.")

5. This Consent Decree is a full and complete settlement of the claims alleged in the Complaint and all other claims, known and unknown, existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is Waste Action Project's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waste Action Project in this case or of any fact or conclusion of law related to those allegations. It shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant, its successors or assigns.

7. Honeywell agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

   a. Honeywell will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR001530 (the "NPDES Permit") and any successor, modified, or replacement permit;

   b. Honeywell will maintain the Aquip Model 10P Stormwater Filtration System in accordance with the manufacturer's "Aquip Downspout Filtration System Operation &

CONSENT DECREE - 3
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001

Maintenance Manual." In addition, Honeywell will inspect the Aquip system during its monthly facility inspections.

    c.    Honeywell will forward copies of all written or electronic communications between it and the Washington Department of Ecology concerning its compliance with the NPDES permit and the Clean Water Act, including but not limited to discharge monitoring reports to Waste Action Project on or before the NPDES permit's quarterly due dates for discharge monitoring reports. This obligation will continue for two years from the date of entry of this Consent Decree.

    8.    Not later than 30 days after the entry of this Consent Decree, Honeywell will pay Fifty Thousand Dollars ($50,000.00) Dollars to EarthCorps for environmental benefit projects in the Mercer Slough and/or Kelsey Creek watershed, described in Attachment A to this Consent Decree. A check for the above amount shall be made to the order of EarthCorps. Payment shall be sent to: EarthCorps, Attn: Steve Dubiel, 6310 NE 74th Street, Suite 201E, Seattle, WA 98115. Payment shall include the following reference in a cover letter or on the check: "Consent Decree, WAP v. Honeywell International Inc." A copy of the check and cover letter shall be sent simultaneously to Greg Wingard, Waste Action Project, P.O. Box 4832, Seattle, WA 98194.

    9.    Honeywell will pay Waste Action Project's reasonable attorney and expert fees and costs in the amount of One Hundred Twenty Eight Thousand Five Hundred ($128,500.00) Dollars. Payment will be made within 30 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, Attn: Knoll Lowney. This payment is full and complete satisfaction of any and all claims Waste Action Project may have under the Clean Water Act for fees and costs.

CONSENT DECREE - 4
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001

10.   A force majeure event is any event outside the reasonable control of Honeywell that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Honeywell notifies Waste Action Project of the event; the steps that Honeywell will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Honeywell will notify Waste Action Project of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a.   Acts of God, war, insurrection, or civil disturbance;

    b.   Earthquakes, landslides, fire, floods and droughts;

    c.   Actions or inactions of third parties over which defendant has no control, including any local, federal or state government agency, such as the Washington State Department of Ecology;

    d.   Unusually adverse weather conditions, including a lack of precipitation;

    e.   Restraint by court order or order of public authority;

    f.   Strikes; and

    g.   Litigation, arbitration, or mediation that causes delay.

CONSENT DECREE - 5
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001

11. The Court will retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any substantive dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 14.

12. In the event of a substantive dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall resolve the dispute as follows:

    a. Written Notice: The parties must first attempt to resolve the dispute by serving a written notice that identifies the alleged dispute and requested resolution.

    b. In Person Meeting: Upon the request of either party, an in person meeting between the parties must take place within forty-five days of service of the written notice or as soon as reasonably possible. At the in person meeting, the parties will make a good faith attempt to resolve the issues.

    c. Court Action: If no resolution is reached within thirty (30) days from the date of the in person meeting, or sixty (60) days from service of the written notice, whichever is earlier, the parties may file motions regarding the dispute with the Court.

13. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent Decree by the parties, Waste Action Project shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

CONSENT DECREE - 6
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001

14. This Consent Decree takes effect upon entry by the Court, and terminates two years from the date of entry by the Court.

15. Both parties have participated in drafting this decree.

16. This Consent Decree may be modified only upon the approval of the Court.

17. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

18. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) email, provided that the sender obtains an acknowledgement of receipt from the receiving party. For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 18.

**If to Waste Action Project:**

Waste Action Project
P.O. Box 4832
Seattle, WA  98194
email: gwingard@earthlink.net

**and to:**

Smith & Lowney PLLC
Knoll Lowney
2317 East John St.
Seattle, WA 98112
Email: knoll@igc.org

CONSENT DECREE - 7
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001

**If to Honeywell International Inc.:**

Theodore (Ted) Dyer
Redmond Plant HSE&F Leader
15001 NE 36th Street
Redmond, WA 98052
Email: Theodore.Dyer@Honeywell.com

James Doll
Site Leader/ISC Director
15001 NE 36th Street
Redmond, WA 98052
Email: James.Doll@honeywell.com

**and to:**

Kerry A. Dziubek
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
Email: Kerry.Dziubek@aporter.com

Gregory T. Hixson
Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, WA 98104
Email: ghixson@scblaw.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, in which case the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a confirming response or a "read receipt" from the party receiving notice.

CONSENT DECREE - 8
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001

DATED this 18th day of December, 2013.

_____
HON. RICHARD A. JONES
UNITED STATES DISTRICT JUDGE

WASTE ACTION PROJECT

Signature: _Greg Wingard_

Title: Executive Director

Dated: October 18, 2013

HONEYWELL INTERNATIONAL INC.

Signature: _____

Title: VP & Chief Litigation Counsel - Aerospace

Dated: October 16, 2013

CONSENT DECREE - 9
CASE NO. 2:12-cv-00233 RAJ

703609.1/028209.00001